# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANSHAN LIU LAYER,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, UR MENDOZA JADDOU and MERRICK B. GARLAND,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-674-HCN-JCB<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On September 13, 2024, this case was transferred to the District of Utah from the District of Columbia. *See* Dkt. No. 5. On the same day, the Clerk of Court mailed a letter to Ms. Layer's counsel notifying her that "[t]o move for pro hac vice admission, you must be associated with local counsel," and "[l]ocal counsel must file the motion for admission pro hac vice with the application and proposed order and pay the admission fee on your behalf." Dkt. No. 6 at 1.

On March 4, 2025—nearly six months after the case was transferred and Ms. Layer had not taken any action—Magistrate Judge Bennett ordered Ms. Layer to "show cause why this case should not be dismissed for failure to prosecute." Dkt. No. 9 at 2. Judge Bennett further ordered that Ms. Layer "file a response to this order to show cause on or before March 18, 2025," and he warned that "failure to respond to this order to show cause may result in dismissal of this case." *Id.*

Ms. Layer did not herself respond to the order to show cause. Her putative counsel, however, sent a letter to the court requesting "leave to appear pro hac vice"—without fulfilling the requirement to associate with local counsel under Local Rule 83-1.1(c)—"solely to file a notice of voluntary dismissal on behalf of the plaintiff." Dkt. No. 11 at 1; *see also* DUCivR 83-

1

1.1(c)(1). Counsel explained that she was not "aware [that] the case had not been properly managed following the transfer" because of "a change in [her] mailing address from Indiana to Illinois," and that she only became aware of the case's mismanagement after the court "contacted [her] on January 21, 2025, to request an update regarding an appearance on behalf of Plaintiff." Dkt. No. 11 at 1. Counsel further explained that she had been unable "to secure local counsel" because the "attorneys within [her] network . . . were either unavailable due to personal commitments or declined to serve as local counsel." *Id.* Judge Bennett denied counsel's request for a waiver of Local Rule 83-1.1, *see* Dkt. No. 12, and counsel for Ms. Layer has not entered an appearance.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution," and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order

of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Ms. Layer has disregarded an order to show cause why this case should not be dismissed for failure to prosecute despite being explicitly warned that failure to comply with the court's order may result in the dismissal of this case. Even considering the letter from Ms. Layer's putative counsel—who has not satisfied the requirements for admission *pro hac vice* and is thus not eligible to speak for Ms. Layer in this court—the court concludes that Ms. Layer has failed to show good cause for her delay in prosecuting this case. Counsel argues that she did not receive the court's September 13, 2024, letter notifying her of the requirements for pro hac vice admission. Ms. Layer moved to transfer this case to the District of Utah, however, and it was her responsibility to ascertain the requirements for appearing before a court to whose bar she had not been admitted. It was also counsel's responsibility to provide the court with up-to-date contact information. Further, counsel has had since at least January—when the court directly contacted

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [the defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that (a) Ms. Layer failed to respond to the court's show-cause order; (b) Ms. Layer's counsel failed to comply with the local rules and the directions of the court regarding admission *pro hac vice* despite having months to find local counsel willing to sponsor her admission; and (c) the court expressly warned Ms. Layer that it may dismiss this action if she failed to respond to its order to show cause.

her for an update regarding an appearance of counsel—to find local counsel to sponsor her admission *pro hac vice*.

In light of all this, the court finds that Ms. Layer has failed to prosecute this action, comply with this court's orders, or show cause why this case should not be dismissed. The court accordingly dismisses this action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 30th day of May, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge